This is a misbranded case, a misbranded body is used to describe a younger man as too much younger. It is termed, in various ways, to describe the overproduct that can be on a patient's back, those products. The district court here, in the specific context of the case itself, it found that, in fact, a standard of care team also relies on patients, and so only the district court violated the votings of this court in Reeves v. Johnson & Johnson, and also in the Revon group v. Johnson & Johnson. One of the things is that, just as I understand it, you were juggling this, and you were confused about what the best way to engage this was, and so you didn't know what it was. How did you say that they relied on that as a misrepresentation, and just not being conscious about it? No, they didn't say they were confused about what it was. They said they did not know what it was. And the reason why, of course, that there's such a classification of products, what you find is that they used the opposite of stating terms, by way of changes, to replace the term sugar, or syrup, as an abbreviated version. They used an appropriate amount of ingredients, which is when you break up ingredients, and you're looking for sugar and syrup. They didn't see that as a mislead. They didn't know there didn't exist any sugar. So, as you might interface, as you might understand it, and you came up with the three terms, and you came up with a topic, which was, or was, or are, or did you? One was that basically, to put it simply, there was a status statement that said to be one product, and that was great. The other was not a statement, but it was an opportunity to help you in the sugar, and it was a second, or a second, or third, issue. The third one was one that was either, or being healthier, and that is to say, it's just about sugar. It's not so hard. It didn't claim sugar, I don't think. You see that there's still plenty of people who claim that you think that the plant is a plant, but now, under various indications, it's a plant and not a plant. You know, one of the, in the plantings, in the case of Sprayers, they used to see stains around 220. They used to see these stains. One of the, the problem was that they had no idea what evaporated cheese was at the time versus now. But because you used the term juice, it sounded like something healthier to them. And they... It's a, it's a, it's a, they represented it as a healthier sugar. You know, here I'm saying anything. Plants do not sustain. They're, they're one of the same. So there have been some claims to 220. Plants do not sustain. And they saw evaporated cane juice was a healthier type of sugar. They didn't know it wasn't. But because you used the term juice, they thought it sounded like something more healthy for them. They were not focused on the evaporated cane juice when they were looking for any sugar in the ingredients. It was just a misconception that cheese is not a sugar. And they were also consumers of other juice. Do they have sugar in your order of juice? I don't think so. There's... There are people that fall back on the claim that 5% juice does not have any sugar. And that is a mistake. It's the slightest work to do for adding sugar in the ingredients. What you need to do is look for the two orders, sugar or syrup. And that's a mistake. Those are the ingredients. They were mistaken because they knew it was not a sugar. And they didn't want to find their own person. So they decided to turn around and say, juice. So there's yeast. And they were arguing each other. When we play the game, it's not a traditional game. It's an experiment. We're not going back and forth. It's a study from the University of Miami. It's a proposal. And it says, remember, so cheese is not a sugar. But orange juice is. That's one. Cheese is more than orange juice. It's all sugar. They used to play this game. Success funds, they didn't realize their parties were playing with the same plan. And they know that product is in Chinese. In fact, the same thing is said of sugar. They will not purchase the product unless they do something else. They're also looking, in certain cleanings, for substitutions and substitutions and expanding their positions as part of the game. That's one thing. They're looking at a little bit of a conversion to 2016. And yes, we're part of all of this. Just again, they've been given focus. And they're looking at the same question for substitutions and substitutions. And that's it. The goal is to change the regulation. That's the basis of our system. And I want all of you to be in the same area. And it's not just us. It's all of us. I think it's important to have an agency that is giving too many formal determinations as well as administrative determinations. And that way, the final determination is in the regulations. And you're trying to describe this product as a regulatory or as an administrative product in other words. Because I think the issue there is, you're trying to answer a property and you're trying to describe this as a regulation or a position. I think the minister's position is that there must be an agency that's in control of the rest of whether it is or is not that is an administrative state of affairs. I agree. You're right about that. I think the big thing is that even if there's a reason that needs to be accomplished, to have somebody clarify on their own subject. And if you continue to be there for thinking, I agree. It's a great exchange. It is to the law. It's a lawful thing to use the common name. Which is sugar. This is a super-certainty. But in that condition, it is to be referred to as sugar. Proceed to item 14823. And that doesn't mean standardization of any litigation. These are just chances. It's just a chance. Is the decision on an NBCH a disability? So that could be a type of disability. Is it really a statute change? Sure. It's a change of certain policies with regard to the rules. Rule 101.34, I apologize. I think it is a change of the statute of liabilities. Well, it is. It's a great response for a change of legislation. It's a great response. The property jurisdiction, I'm not familiar with the term, with regards to the term now. In that context, none of the property jurisdictions or requirements that require the court to adopt property jurisdiction with regard to the case. In this case, the court, I mean the FDA exchanged their comments or requested comments. There were speaking points only on the today to today's hearing. Okay. There are people watching us. There's been such a lot of different answers. I know. I know. I know. I understand. I understand. I mean, you should understand. It happens. It happens. It's not a dream. So here where they just issued this notice, that's a little bit different than the NBCH. So from the district court's standpoint, it's fair to say that some of the things may be less simple, such as in cases of GMOs, it's to do with all the factors, but in this context, it's food, it's ingredients, and it's well settled. It is based on FDA regulations, specifically 21 C.R. 17.3 and C.R. 132.8. Specifically, the thing that she thinks is unnatural and doesn't go for H.I.R. is the use of food coloring. Usually, the H.I.R. ingredients are considered to be certified by all these companies for use of H.I.R.  By law, H.I.R. is certified by H.I.R. and by law, H.I.R. is not. It's certified by all these companies and certified by these companies artificially, and because they are artificially FDA, as a policy, FDA, Federal Register 2407 exists. We, H.U.G.A., refer to those as H.I.R. H.I.R. Policy Act 587.177.8. So, H.I.R. jurisdiction would not serve the purpose of judicial economy or judicial agency in which a result in playing a prosecution or prosecution of a crime is found. This court has recently held this under consideration as an unversity case. How many of you currently are on that case? That case involves two years in the court system. In Spanish, which was university, university prison, but it's not over yet. It might be released at different sessions in between the day three and use some method to go to artificial ingredients. And, H.I.R. is in the course, we will not restrict the use of the term H.I.R. except in context of artificial ingredients, including powder, brick walls, and so forth. If the court decides that property jurisdiction has happened and our courts refuse certain affirmative rules, we see that property jurisdiction does not apply when moving to state a case in a university case in terms of the presence of such limitations at the moment. And, we consider under proceedings in state court, we consider that property jurisdiction is not an applicable issue. There is a place for the institution parties because they are not completely complicated issues, of course, even if there are issues all the time. All right. If there are no further questions, I will remain  line.  All right. All right. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. I prosecute the plaintiff.
judges: McKeown, Wardlaw, Tallman